Argued February 23, reversed March 21, petition for rehearing denied May 16, 1956

## TERRY *v.* TITLE & TRUST CO. and UNITED STATES OF AMERICA

295 P. 2d 161

*Harry Marselli,* of Washington, D.C., argued the cause for appellant. On the brief were H. Brian Holland, Assistant Attorney General, and Ellis N. Slack,

A. F. Prescott, and Fred E. Youngman, Special Assistants to the Attorney General.

*Robert Clapperton,* of Portland, argued the cause for defendant and respondent. With him on the brief was M. H. Clark, of Portland.

LATOURETTE, J.

The question presented by this appeal is whether under the facts and the law the tax liens of the United States for unpaid federal taxes assessed against the estate of Anie M. Brown, deceased, are superior to the claim of Title and Trust Company against her estate for unpaid rent. The Title and Trust Company claims priority by reason of the following clause in a lease antedating the claim of the United States government between its predecessor in interest, as lessor, and Anie M. Brown, as lessee, to-wit:

> "To secure the performance of all of the obligations of this lease to be by Lessee performed, including the payment of rental, the Lessee does hereby give to Lessor a lien and mortgage on all furniture, furnishings, trade fixtures and equipment at any time during the life of this lease placed in the premises by Lessee * * *."

It is conceded that the estate of Anie M. Brown is insolvent. Section 3466 Rev Stat (Int Rev Code, Title 31, § 191) gives federal supremacy in any situation involving an insolvent debtor and competing creditors and especially where the lien is inchoate, such as we have in the present case. See opinion in the case of *Gower v. State Tax Commission,* this day written.

Reversed.